**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KNUST-GODWIN LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO. 4:25-cv-05141** |
| vs. | § | |
| | § | |
| U.S. ARMS COMPANY, LLC, | § | |
| | § | |
| Defendant. | § | |

---

**DEFENDANT U.S. ARMS COMPANY, LLC'S AMENDED ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS**

---

COMES NOW, Defendant U.S. Arms Company, LLC, ("Defendant") by and through its attorneys of record hereby files its Answer, Affirmative Defenses, and Counterclaims ("Answer") to Plaintiff's Original Complaint ("Complaint" Doc. 1), showing this Honorable Court the following:

**PARTIES**

1.     Defendant lacks knowledge or information as to the truth of the allegations contained in Paragraph 1, therefore denied.

2.     Defendant admits the allegations contained in Paragraph 2.

3.     Defendant admits the allegations contained in Paragraph 3.

**JURISDICTION AND VENUE**

4.     No responsive pleading is required by Defendant to Plaintiff's statement of jurisdiction contained in Paragraph 4.  To the extent a response is deemed necessary, Defendant states that it does not contest this Court's jurisdiction.

5.    No responsive pleading is required by Defendant to Plaintiff's statement of jurisdiction contained in Paragraph 5.  To the extent a response is deemed necessary, Defendant states that it does not contest this Court's jurisdiction.

6.    No responsive pleading is required by Defendant to Plaintiff's statement of venue contained in Paragraph 6.  To the extent a response is deemed necessary, Defendant states that it does not contest that venue is proper in this Court.

## FACTUAL BACKGROUND

7.    Defendant denies the allegations in Paragraph 7.

8.    Defendant admits the allegations in Paragraph 8 only to the extent that the parties entered into discussions and agreements for the manufacture of suppressor components, but denies any characterization inconsistent with the terms agreed by the parties.

9.    Defendant denies the allegations in Paragraph 9.  Plaintiff did not fully perform its obligations.    Plaintiff delivered goods that were materially defective, nonconforming to specifications, and unfit for their intended purpose.  Specifically, the goods contained critical manufacturing defects, including but not limited to improper sealing interface geometry, out-of-concentricity conditions, structural inconsistencies, and excessive scrap rates rendering portions of goods unusable.

10.    Defendant denies the allegations in Paragraph 10.  Defendant denies that it accepted the goods as conforming.  Any acceptance was conditional and based on latent defects not reasonably discoverable upon initial inspection.  Upon discovery of such defects, Defendant timely objected.  Further, Plaintiff billed Defendant for incomplete and nonconforming goods in violation of the parties' agreements that billing would occur only upon delivery of complete suppressor components, and such goods were in many cases unusable or unsuitable for their intended purpose.

11.    Defendant denies the allegations in Paragraph 11 and further denies that any amounts claimed are owed, as such amounts include charges for defective, incomplete, and unusable goods

## CAUSES OF ACTION

### A.    BREACH OF CONTRACT

12.    Defendant repeats and realleges its answers to all prior paragraphs as though fully set forth herein.

13.    Defendant denies the allegations in Paragraph 13.

14.    Defendant denies the allegations of Paragraph 14.

15.    Defendant denies the allegations of Paragraph 15.

16.    Defendant denies the allegations of Paragraph 16. Further, the amounts claimed included charges for defective and unusable goods and therefore are not owed.

### B.    SUIT ON SWORN ACCOUNT (Tex. R. Civ. Pr. 185)

17.    Defendant repeats and realleges its answers to all prior paragraphs as though fully set forth herein.

18.    Defendant denies the allegations of Paragraph 18.

19.    Defendant denies the allegations of Paragraph 19.

20.    Defendant denies the allegations of Paragraph 20.

21.    Defendant denies the allegations of Paragraph 21.

22.    Defendant admits that Exhibit A is attached to this Complaint and denies all remaining allegations of Paragraph 22.

23.    Defendant admits an affidavit is attached to this Complaint and denies all remaining allegations of Paragraph 23.

24.     Defendant denies the allegations of Paragraph 24.

### C.     UNJUST ENRICHMENT / QUANTUM MERUIT (Alternative)

25.     Defendant denies the allegations of Paragraph 25.

### DAMAGES AND INTEREST

26.     Defendant lacks knowledge or information as to the truth of the allegations contained in Paragraph 26, therefore denied.  Further, the amounts claimed include charges for defective and unusable goods and therefore are not owed.

### CONDITIONS PRECEDENT

27.     The allegations contained in Paragraph 27 constitute statements of law to which a response is not required.  To the extent a response is required, the allegations of Paragraph 27 are denied.

### PRAYER

Defendant is not required to affirm or deny Plaintiff's prayer for relief, but affirmatively states there are no grounds in fact or law that warrant the granting of the relief Plaintiff seeks in the Complaint.  To the extent a response is required, Defendant denies Plaintiff is entitled to any of the relief requested in its prayer and subparts, or any relief at all.

### GENERAL DENIAL

Any allegations not specifically admitted, explained, or modified herein are denied.

Plaintiff's claim styled as "sworn account" does not entitle Plaintiff to any presumption or evidentiary advantage in this Court.  Under the Erie Doctrine, federal procedural law governs, and a verified denial is not required.  *See Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.,* 219 App'x 375, 376-77 (5th Cir. 2007); *Sneed Shipbuilding, Inc. v. Spanier Marine Corp.,* 125

F.R.D. 438, 443-44 (E.D. Tex. 1989).  Accordingly, Defendant denies that Plaintiff's account is "just and true" and denies any liability for the amounts claimed.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendant affirmatively pleads the following defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendant bears any burden of proof on any issue that it would not otherwise bear such burden.  Defendant reserves the right to supplement these pleadings with further applicable defenses as more facts become available.  To the extent any defenses or legal theories may be interpreted as inconsistent, they are pled in the alternative.

## FIRST DEFENSE – Prior Material Breach

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's own actions, failure to act, negligence and/or legal fault.  Plaintiff materially breached the parties' agreement by delivering defective and nonconforming goods.  Such breach excuses any obligation of Defendant to make payment.  Plaintiff's material breach occurred prior to and excuses any alleged obligation of Defendant to pay.

## SECOND DEFENSE – Nonconforming Goods

Plaintiff's claims are barred, in whole or in part, because the goods delivered failed to conform to contractual specifications, including dimensional, structural, and functional requirements.

## THIRD DEFENSE - Revocation

Plaintiff's claims are barred, in whole or in part, because any acceptance of goods was revoked upon discovery of latent defects not reasonably discovered at the time of delivery.

### FOURTH DEFENSE – Breach of Warranty

Plaintiff's claims are barred, in whole or in part, because Plaintiff breached implied warranties of merchantability and fitness for a particular purpose.

### FIFTH DEFENSE – Offset/Recoupment

Plaintiff's claims are barred, in whole or in part, because any recovery by Plaintiff must be reduced by Defendant's damages, including scrap, repair costs, and production losses.

### SIXTH DEFENSE – Account Not Just

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that its account is "just" because the charges include defective and nonconforming goods and were not incurred in accordance with any enforceable agreement.

### SEVENTH DEFENSE – Failure to Mitigate

Plaintiff's claims are barred, in whole or in part, by the doctrine of failure to mitigate.

### EIGHTH DEFENSE – Plaintiff Fault

Any and all damages sustained by Plaintiff are the direct result of its own actions or acts or omissions.

### NINTH DEFENSE – Third Parties

Any and all damages sustained by the Plaintiff are the direct result of its own actions or omissions or the actions or omissions of unrelated third parties over which Defendant has no control.

### TENTH DEFENSE – Conditions Precedent

Plaintiff's claim for breach of contract is barred, in whole or in part, because it has not performed all conditions precedent to its claimed recovery.

**ELEVENTH DEFENSE – Failure to State a Claim**

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to state a claim, in whole or in part, upon which relief may be granted.   Plaintiff's sworn account claims fail as a matter of law in federal court.  Defendant was not required to file a verified denial, and Plaintiff is not entitled to any presumption.  Additionally, the account is not "just" because it includes charges for defective and nonconforming goods.

**ORIGINAL COUNTERCLAIMS**

1.      Defendant, as Counter-Plaintiff, files these Original Counter-Claims against Plaintiff, as Counter-Defendant, and respectfully shows this Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

2.      Counter-Plaintiff, U.S. Arms Company, LLC is a Georgia Limited Liability Company.  Its principal place of business is located in Georgia.

3.      Counter-Defendant, Knust-Godwin, LLC is a Texas Limited Liability Company with its principal place of business in Katy, Texas.

4.      The Court has personal jurisdiction over Counter-Defendant based on its principal place of business being located in Katy, Texas, which is within the Court's district and division.

5.      The Court has subject matter jurisdiction over these counter-claims because the Court has diversity jurisdiction under 28 U.S.C. § 1332 over Plaintiff's claims against Defendant and the counter-claims contained herein are compulsory counter-claims under Rule 13 of the Federal Rules of Civil Procedure to Plaintiff's original claims.

**FACTUAL BACKGROUND**

6.      The Parties' agreed that Counter-Defendant would manufacture and deliver two independent components necessary to produce a complete suppressor system suitable for

commercial sale.  Counter-Defendant failed to deliver complete sets of such components, instead billing Counter-Plaintiff for partial and incomplete goods in violation of the parties' agreement.

7.　　Counter-Defendant further failed to meet agreed-upon delivery timelines, causing delays in prototyping and production that prevented Counter-Plaintiff from bringing its suppressor products to market as planned.

8.　　Counter-Defendant was aware of Counter-Plaintiff's reliance on timely delivery and complete goods, including Counter-Plaintiff's need to coordinate manufacturing, marketing, and sales efforts, and agreed to extend payment terms and inventory management accommodations in recognition of Counter-Plaintiff's cash flow constraints.

9.　　Despite these agreements, Counter-Defendant delivered goods with systemic manufacturing defects affecting all or substantial portions of the delivered units, including: improper sealing interface geometry preventing proper function and causing gas leakage and carbon buildup, out-of-concentricity defects rendering certain units unusable, structural anomalies creating potential safety risks under pressure; and widespread cosmetic defects rendering goods unfit for commercial sale.  These defects were present at the time of delivery and included defects present in all units with respect to sealing interface geometry, the affected all or a substantial portion of the goods.

10.　　As a direct result of Counter-Defendant's delays and defective performance, Counter-Plaintiff suffered significant business losses, including the inability to meet product launch timelines, loss of distributor relationships, and lost market opportunities.

11.　　Counter-Defendant's conduct prevented Counter-Plaintiff from capitalizing on critical market timing, including industry-wide regulatory and market developments that materially impacted demand and competitive positioning.

**COUNT I – BREACH OF CONTRACT**

12.     Counter-Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

13.     On or about August 2024, Counter-Defendant and Counter-Plaintiff entered into a valid and enforceable oral agreement, the performance of which was to be completed within one year.  Per the agreement, Counter-Defendant agreed to manufacture and deliver suppressor component parts in accordance with engineering specifications and models provided by Counter-Plaintiff, including both suppressor bodies and corresponding core components necessary to produce complete, functional and commercially marketable suppressor systems.  Counter-Defendant further agreed that Counter-Plaintiff would not be billed for incomplete component sets and that billing would occur only upon delivery of complete suppressor assemblies suitable for commercial sale.  The parties also agreed to extend payment terms for completed suppressor units to up to ninety (90) days to accommodate Counter-Plaintiff's production cycle and customer billing structure.  Additionally, Counter-Defendant agreed to assist in managing inventory levels to support Counter-Plaintiff's financial and operational needs.

14.     Counter-Defendant failed to perform its obligations under the agreement by failing to manufacture goods in accordance with agreed specifications and engineering models, including failure to produce required sealing geometry, maintain proper concentricity, and ensure structural integrity of the manufactured components.  The goods delivered contained systemic defects that rendered them nonconforming and, in many instances, unusable or unsuitable for their intended purpose.

15.     Counter-Defendant further breached the agreement by invoicing Counter-Plaintiff for incomplete component sets in direct violation of the parties' agreement regarding billing for complete suppressor assemblies.

16.     Counter-Defendant further breached the agreement by failing to deliver complete suppressor component sets, delivering defective and nonconforming goods, failing to meet agreed delivery timelines, and materially delaying production and prototyping, thereby preventing Counter-Plaintiff from bringing its products to market as planned.

17.     These breaches were material.  As a direct and proximate result of Counter-Defendant's breaches, Counter-Plaintiff has suffered substantial damages, including but not limited to loss of market opportunities, loss of distributor relationships, loss of anticipated sales, increased production and remediation costs, and reputational harm within the industry.  These delays and defects occurred despite Counter-Defendant's knowledge of Counter-Plaintiff's time-sensitive market launch and reliance on timely performance.

18.     Counter-Defendant's delays and delivery of defective and incomplete goods directly prevented Counter-Plaintiff from timely launching its suppressor products, fulfilling distributor commitments, and capitalizing on critical market opportunities, including industry developments and regulatory changes affecting suppressor demand.  Such failures were foreseeable to Counter-Defendant given its knowledge of Counter-Plaintiff's planned product launch and market commitments.

### COUNT 2 – BREACH OF WARRANTY

19.     Counter-Defendant is a precision contract manufacturer that represents itself as providing turnkey manufacturing solutions, including precision machining and additive

manufacturing services.  Counter-Defendant manufactured and sold suppressor component parts to Counter-Plaintiff, offering a turnkey solution.

20.    The goods were unmerchantable at the time Counter-Defendant tendered them to Counter-Plaintiff because they failed to meet ordinary standards of quality and were not fit for their intended purpose.  Specifically, the goods contained material defects, including improper sealing interface geometry (mild taper cut with chatter marks instead of required clean flat geometry), causing gas leakage and carbon buildup; out-of-concentricity conditions rendering certain units unusable; structural inconsistencies creating potential failure risks under pressure; and widespread surface and cosmetic defects rendering the goods unfit for commercial sale.  These defects existed at the time of delivery and constituted a breach of the implied warranty of merchantability.

21.    Counter-Plaintiff provided notice to Counter-Defendant of the defective and nonconforming goods within a reasonable time after discovery of the defects, including through direct communications, requests for corrective action, and ongoing discussions regarding manufacturing deficiencies, delays, and quality issues.  Counter-Plaintiff further notified Counter-Defendant that the goods failed to meet agreed specifications and were not suitable for their intended use and objected to being billed for incomplete and defective products.  Such notice included objections to product quality, requests for corrective action, and disputes regarding billing for incomplete and defective goods.

22.    Counter-Defendant's breach of warranty directly and proximately caused injury to Counter-Plaintiff, including damages from defective and unusable goods, rework and repair costs, delays in production, inability to bring products to market, loss of distributor relationships, and lost business opportunities.

23.     Counter-Plaintiff seeks damages within the jurisdictional limits of the Court.

24.     Counter-Defendant breached express and implied warranties, including warranties that (a) the goods would conform to agreed engineering specifications and models; (b) the goods would be merchantable; and (c) the goods would be fit for their intended purpose of use in functional, commercially saleable suppressor systems.

## DAMAGES

25.     As a direct and proximate cause of Counter-Defendant's conduct, Counter-Plaintiff has suffered damages in amount to be proven at trial but presently estimated to exceed $600,000 and potentially exceed $3,000,000, including but not limited to: 1) costs associated with defective and unusable goods, including scrap, 2) costs of repair, rework, and additional manufacturing; 3) loss of production capacity and operational delays; 4) loss of distributor relationships and business opportunities; 5) loss of marketing expenditures and failed product launch costs; 6) loss of anticipated sales for 2025 and 2026; 7) reputational harm within the industry; 8) lost market positioning, and competitive advantage due to missed market entry timing, including the inability to capitalize on favorable regulatory and market conditions affecting suppressor demand.

26.     The full nature and extent of Counter-Plaintiff's damages are continuing to be evaluated, and the exact amount will be proved at trial.

## JURY DEMAND

27.     Pursuant to Federal Rule of Civil Procedure 38(b), Counter-Plaintiff hereby requests a trial by jury as to all issues that are triable to the jury.

## PRAYER

WHEREFORE, PREMISES, CONSIDERED, Defendant respectfully requests that Plaintiff's Original Complaint be dismissed with prejudice, that Plaintiff take nothing by this suit,

and that Defendant, Counter-Plaintiff  be awarded a judgment in an amount to be determined at trial but in excess of $600,000 plus its costs, attorneys' fees, expenses and interest, and Defendant, Counter-Plaintiff have all other legal and equitable relief to which it may be entitled and all relief as this Court deems proper.

DATED: March 31, 2026

Respectfully submitted,

**KRETZER & ARNETT**

By: _/s/ Ashley Blair Arnett_
     SETH KRETZER
     SBN: 24043764
     S.D. Tx No. 680773
     seth@kafirm.com
     ASHLEY BLAIR ARNETT
     SBN: 24064833
     S.D. Tx No. 956581
     ashley@kafirm.com
     5555 W. Loop S., Suite 400
     Bellaire, TX 77401
     Telephone:  (713) 600-5190
     Facsimile:   (713) 600-5189

     ***Attorneys for Defendant***
     ***U.S. Arms Company, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Federal Rules of Civil Procedure on  March 31, 2026, to the following counsel of record:

*<u>Via eService:</u>*
**MONSHAUGEN & VAN HUFF, P.C.**
Albert T. Van Huff
S.D. Texas No. 26968
TBN:  24028183
Isabella D. Varlan
S.D. Texas No. 3686227
TBN:  24107235
1225 North Loop West, Suite 640
Houston, Texas 77008
T. 713-880-2992
F.  713-880-5297
<u>al@vanhuff.com</u>
<u>ivarlan@vanhuff.com</u>

*Attorneys for Plaintiff*
*Knust-Godwin, LLC*

*<u>/s/ Ashley Blair Arnett</u>*
Ashley Blair Arnett
